Filed 11/8/24  P. v. Mancilla CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW ROGILLO MANCILLA,<br><br>    Defendant and Appellant. | F087171<br><br>(Super. Ct. No. 10CM7002-002)<br><br><br>**OPINION** |

        APPEAL from a judgment of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

        James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Andrew Rogillo Mancilla petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on two convictions of attempted murder. The court granted the petition, vacated the attempted murder convictions, and resentenced petitioner on the remaining counts.

On appeal, petitioner contends relief under section 1172.6 entitled him to a full resentencing, including the ameliorative benefits of Assembly Bill No. 333 (2021–2022 Reg. Sess.), statutes 2021, chapter 699 (Assembly Bill No. 333). We agree and reverse.

## PROCEDURAL BACKGROUND[2]

"On October 19, 2010, [petitioner] was convicted after jury trial in Kings County case No. 10CM7002 of two counts of attempted murder (§§ 664/187, subd. (a); counts 1 & 2), three counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 3, 4, 5), one count of burglary (§ 459; count 6), three counts of felony vandalism (§ 594, subd. (a); counts 7, 8, 9); and one count of active participation in a criminal street gang (§ 186.22, [former] subd. (a); count 10). The jury found true special allegations that [petitioner] personally inflicted great bodily injury during the commission of counts 1, 2, 4, 5, 6, and 10 (§ 12022.7, subd. (a)) and that counts 1 through 9 were committed for the benefit of a criminal street gang (§ 186.22, [former] subd. (b)(1)). The jury found true two prior strike allegations arising from the convictions in [Kings County Superior Court] case No. 09CM7180. (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i).)[3] After the

---

**1** Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

**2** We dispense with a statement of facts as the facts underlying the offenses are not relevant to the issues raised on appeal.

**3** "[Petitioner] was jointly tried with Francisco Anthony Carmona . . . , Nathaniel Christopher Ojeda-Carmona . . . , Juan Carlos Alvarez and Malaquias Gomes Guzman. [¶] . . . [¶]"

verdicts were entered, the court found in case No. 09CM7180 that [petitioner] violated his probation by failing to obey all laws and by associating with gang members.

"[Petitioner] was sentenced in both cases on November 17, 2010. In case No. 10CM7002, the court imposed two aggregate terms of 40 years to life for counts 1 and 2, plus an aggregate term of 30 years to life for count 3, and three aggregate terms of 28 years to life for counts 7, 8 and 9. All of the terms were ordered to run consecutively. Sentences were imposed and stayed on counts 4, 5, 6 and 10. In case No. 09CM7180, the court imposed three years for count 1 and a consecutive term of eight months for count 2. The sentence in case No. 09CM7180 was ordered to run consecutive to the sentence in case No. 10CM7002." (*People v. Mancilla* (Jan. 9, 2013, F061394) [nonpub. opn.] (*Mancilla*).)

On appeal, we stayed the eight-month term imposed on count 2 in Kings County Superior Court case No. 09CM7180 and otherwise affirmed the judgment. (*Mancilla*, *supra*, F061394.) The California Supreme Court denied review. (*People v. Mancilla* (Apr. 17, 2013, S208682) [order].)[4] On remand, the trial court issued an amended abstract of judgment reflecting the stay of sentence on count 2 in case No. 09CM7180. Petitioner subsequently was resentenced to a lower aggregate term for reasons unrelated to this appeal.

On August 19, 2021, petitioner filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed to represent him. The People stipulated that petitioner had made a prima facie showing of entitlement to relief. The court conducted an evidentiary hearing and ultimately concluded the People had not proved beyond a reasonable doubt that petitioner committed attempted murder under the current law.

---

[4] We grant the People's unopposed request for judicial notice of this court's docket relating to petitioner's direct appeal, the California Supreme Court's docket relating to his petition for review following that appeal, and the augmented record on appeal in his direct appeal.

3.

Accordingly, the court vacated the attempted murder convictions and all associated allegations.

On August 9, 2023, petitioner filed a motion to vacate the gang allegations based on Assembly Bill No. 333.[5]  At the resentencing hearing, the court determined it did not have jurisdiction to vacate the gang enhancements and therefore denied the motion.  The court resentenced petitioner as follows:  Count 6 was designated as the principal term and petitioner was sentenced to a middle term sentence of four years, doubled to eight years due to the prior strike, plus an additional three years for one great bodily injury enhancement, one year for a second great bodily injury enhancement, and 10 years for the gang enhancement.  On each of counts 3, 4, and 5, the court imposed consecutive two-year terms, plus one year, eight months for the gang enhancement to each count.  On each of counts 7, 8, and 9, the court imposed a consecutive term of one year, four months, plus one year for the gang enhancement to each count.  Sentence on count 10, as well as the great bodily injury enhancements to counts 4 and 5, was imposed and stayed.  Finally, the court reimposed a one-year term on count 1 in case No. 09CM7810.

## DISCUSSION

### I.    Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "altered the substantive law of murder in two areas."  (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)  First, the bill narrowed the scope of the felony-murder rule "so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the

---

[5] Petitioner did not suggest that count 10 required reversal on this basis.  Instead, he argued the sentence on count 10 should be stayed.

4.

actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*People v. Arellano* (2024) 16 Cal.5th 457, 467–468, quoting § 189, subd. (e)(1)–(3).) Second, the bill "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine" by requiring that, "except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder." (*Curiel*, at p. 449, quoting § 188, subd. (a)(3).) Now, " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Curiel*, at p. 449.)

Additionally, Senate Bill No. 1437 added former section 1170.95, now renumbered section 1172.6, to provide a procedure for those convicted of a qualifying offense " 'to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel*, *supra*, 15 Cal.5th at p. 449.) Subsequently, Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded the scope of these ameliorative provisions to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter" are permitted the same relief as those convicted of murder. (Stats. 2021, ch. 551, § 1, subd. (a); accord, *People v. Arellano*, *supra*, 16 Cal.5th at p. 468, fn. 3.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.) If the trial court determines the petitioner has met his or her prima facie burden, the trial court must issue an order to show cause and hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1); see *id.*, subd. (c).) Alternatively, "[t]he parties

5.

may waive a resentencing hearing and stipulate that the petitioner is eligible to have the murder, attempted murder, or manslaughter conviction vacated and to be resentenced." (§ 1172.6, subd. (d)(2).) If a petitioner is entitled to resentencing, "the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Id.*, subd. (d)(3).)

## II. Assembly Bill No. 333

Effective January 1, 2022, Assembly Bill No. 333 amended the language of section 186.22 to modify the showing necessary to prove gang offenses and gang enhancements. (Stats. 2021, ch. 699, § 3.) For example, Assembly Bill No. 333 narrowed the definition of " 'criminal street gang' " (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (f)), modified the " 'pattern of criminal gang activity' " element of the gang enhancement (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (e)), and clarified that to "benefit, promote, further, or assist" a gang "means to provide a common benefit to members of a gang where the common benefit is more than reputational" (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (g)).

## III. Assembly Bill No. 333 Applies Retroactively to the Resentencing

The parties agree, as do we, that Assembly Bill No. 333's amendments to section 186.22 apply retroactively to all nonfinal judgments. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206–1207.) The parties disagree, however, as to whether the trial court's resentencing of petitioner pursuant to section 1172.6 rendered his once-final judgment nonfinal for purposes of retroactive application of ameliorative changes in law, such as Assembly Bill No. 333.

## A.     *People v. Padilla*

We begin our analysis with *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*), a case on which both parties rely.  *Padilla* involved Proposition 57 (the Public Safety and Rehabilitation Act of 2016) (Proposition 57), which "amended the law governing the punishment of juvenile offenses in adult criminal court by requiring hearings to determine whether the offenses should instead be heard in juvenile court."  (*Padilla*, at p. 158.)  By the time *Padilla* was decided, it was well settled that Proposition 57 applied retroactively to all nonfinal judgments.  (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 309.)  As in the instant case, however, the parties in *Padilla* disputed whether the defendant's judgment remained final following a successful collateral attack that resulted in vacatur of his once-final sentence.  The high court ultimately determined that vacatur of the sentence rendered the judgment nonfinal and thus mandated the application of Proposition 57 to the defendant's case.  (*Padilla*, at p. 158.)

In reaching this conclusion, the high court relied on *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*), which held that laws which mitigate punishment are presumed to apply retroactively to nonfinal cases.  (*Padilla*, *supra*, 13 Cal.5th at pp. 160–161.)  However, the court also acknowledged that "the range of judgments affected by *Estrada* is delimited by constitutional constraints."  (*Id.* at p. 160.)  Specifically, separation of powers principles restrict the Legislature's ability to intervene in judicial decisionmaking once a judgment becomes final.  (*Id.* at p. 161.)  These concerns are not implicated when legislation is applied retroactively to nonfinal judgments.  (*Id.* at p. 162.)

The court went on to explain that it was the vacatur of the defendant's sentence that rendered the judgment nonfinal and removed any " 'constitutional obstacle[s]' " to applying the *Estrada* presumption of retroactivity.  (*Padilla*, *supra*, 13 Cal.5th at p. 162; see *id.* at pp. 161–170.)  "When [the defendant's] sentence was vacated, the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and [the defendant] regained the right to appeal whatever new sentence was imposed.

7.

His judgment thus became nonfinal . . . ." (*Id.* at pp. 161–162.) "[O]nce a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence," and an appeal from such resentencing "is part of direct review of a nonfinal judgment, not collateral review of a final judgment." (*Id.* at p. 163.) The court emphasized: "Indeed, while collateral review is an attack on a final judgment, that is plainly not the posture here. When [the defendant's] new sentence was imposed, there was no final judgment to attack because his prior sentence had been vacated." (*Ibid.*) The court also explained: "[T]he decision we reach today 'properly rests on considerations of finality in the judicial process.' [Citation.] When a defendant's sentence has been vacated, the parties' interests in repose and finality are necessarily diminished; at that point, the countervailing interest in effectuating current legislative policy decisions may appropriately control." (*Id.* at p. 168.)

The high court also declined to adopt a rule that distinguished, for *Estrada* purposes, between cases that became nonfinal due to retrial or resentencing, and those that are " 'not yet final on initial review.' " (*Padilla*, *supra*, 13 Cal.5th at p. 162.) The court explained: "The *Estrada* presumption stems from our understanding that when the Legislature determines a lesser punishment is appropriate for a particular offense or class of people, it generally does not wish the previous, greater punishment—which it now deems 'too severe'—to apply going forward." (*Ibid.*) The court determined that "[n]othing about this presumption is undermined when a case is nonfinal because the defendant's sentence has been vacated rather than because the initial review of the sentence has not yet concluded." (*Ibid.*)

Finally, the court briefly addressed and dispensed with the following argument from the Attorney General:

"The Attorney General also contends that applying Proposition 57 to defendants whose sentences are vacated would be inconsistent with 'principles that generally limit the scope of subsequent modification of a judgment after initial finality.'  In support, the Attorney General argues that vacatur of a defendant's sentence 'does not allow a resentencing court to consider new claims or affect any part of the judgment other than the sentence.'  But the right and remedy we recognize today does not allow [the defendant] to raise claims unrelated to his sentence.  The relief that applies to him is the same as what we approved in *Lara* for juveniles whose cases were pending when that measure passed:  He must receive a transfer hearing in a juvenile court, where the court will decide whether criminal adjudication is appropriate . . . .  Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize or constitute relitigation of guilt." (*Padilla*, *supra*, 13 Cal.5th at pp. 169–170.)

## B.     Analysis

A successful petition for resentencing pursuant to section 1172.6 results in vacatur of the affected convictions, recall of the original sentence, and resentencing on any remaining counts "as if the petitioner had not previously been sentenced."  (§ 1172.6, subd. (d)(1); see *id*., subd. (d)(3).)  The vacatur of the convictions and recall of sentence vest the trial court with jurisdiction over the previously final judgment of conviction and sentence.  (*Padilla*, *supra*, 13 Cal.5th at p. 161.)  Under the reasoning of *Padilla*, these actions render the judgment nonfinal.  The amendments to section 186.22 effectuated by Assembly Bill No. 333 therefore apply.  (See *Padilla*, *supra*, 13 Cal.5th at p. 158.)

At least one court has reached a similar conclusion.  (*People v. Trent* (2023) 96 Cal.App.5th 33, 41, rev. granted Dec. 20, 2023, S282644 (*Trent*).)  The *Trent* court noted that the amendments to section 186.22 have been held to apply retroactively following recall and resentencing pursuant to former section 1170, subdivision (d) (now renumbered as § 1172.1 and amended).  (*Trent*, at pp. 41–42, citing *People v. Salgado* (2022) 82 Cal.App.5th 376 (*Salgado*).)  Courts also have concluded that recall and resentencing pursuant to section 1172.6 opens the door to retroactive application of other ameliorative laws.  (*Trent*, at pp. 43–44, citing *People v. Keel* (2022) 84 Cal.App.5th 546,

551 [retroactive application of Prop. 57 and Sen. Bill No. 1391 (2017–2018 Reg. Sess.)], and *People v. Ramirez* (2021) 71 Cal.App.5th 970, 996 [same].)

Nonetheless, the People contend the final passage of *Padilla* – in which the high court stated its analysis did not allow the defendant "to raise claims unrelated to his sentence" – supports a conclusion that Assembly Bill No. 333 does not apply retroactively following section 1172.6 resentencing. (*Padilla*, *supra*, 13 Cal.5th at p. 169.) As stated, the high court proclaimed, "Whatever potential that [transfer] hearing may have for reducing [the defendant's] punishment (*the nonfinal part of his judgment*), it does not authorize or constitute relitigation of guilt." (*Id*. at p. 170, italics added.) The People contend this final passage suggests the high court recognized that the judgment "had both final and nonfinal parts, and only the nonfinal parts were subject to *Estrada*."

Courts of Appeal have reached different conclusions regarding the significance of this final passage in *Padilla*. In *Trent*, the court rejected the argument that *Padilla* presupposes a bifurcated judgment, only some of which may be rendered nonfinal by subsequent resentencing. The *Trent* court explained, "We believe the final paragraph of *Padilla* was intended to allay concerns that the defendant in that case would request a new adjudication of his guilt in the juvenile court itself and was not intended to divorce the court's retroactivity analysis from instances in which the retroactive relief would result in a more favorable sentence because the underlying change required reversal of a count of conviction for possible retrial." (*Trent*, *supra*, 96 Cal.App.5th at p. 43, rev. granted.)

In *People v. Mitchell* (2023) 97 Cal.App.5th 1127, 1129–1130, review granted February 21, 2024, S283474 (*Mitchell*), a panel of this court considered the import of *Padilla* in a different, but related, context. There, the court determined that both the defendant's conviction and sentence became nonfinal for *Estrada* purposes following remand for a full resentencing. Thus, the court held the defendant was entitled to retroactive application of Assembly Bill No. 333, which took effect during the pendency

10.

of the defendant's resentencing proceedings. The court rejected the People's reliance on the final paragraph of *Padilla* for the proposition that "portions of a judgment may be final while other portions of a judgment may be nonfinal." (*Mitchell*, *supra*, 97 Cal.App.5th at p. 1139.) The court explained: "Setting aside the language from *Padilla*, our high court otherwise makes it very clear that, in criminal cases, the terms ' "judgment" ' and ' " 'sentence' " ' are generally synonymous, and there is no judgment of conviction without a sentence." (*Ibid*., citing *People v. McKenzie* (2020) 9 Cal.5th 40, 46 (*McKenzie*); accord, *Mitchell*, at p. 1143 (conc. opn. of Poochigian, A. P. J.).) Accordingly, the court declined to read *Padilla* as "creating bifurcated judgments in the manner [the People] now advocate[]—especially for a criminal matter . . . that never had its sentence reduced to a final judgment." (*Mitchell*, at p. 1140.)

However, in *People v. Lopez* (2023) 93 Cal.App.5th 1110, review granted November 15, 2023, S281488[6] (*Lopez*), the court reached a different conclusion in circumstances similar to those presented in *Mitchell*. In *Lopez*, the defendant appealed for a second time after his judgment was conditionally reversed and the matter remanded for the trial court to address sentencing issues. (*Lopez*, at pp. 1113–1114.) The *Lopez* majority held that the defendant's judgment was not final and he was entitled to the ameliorative benefits of Assembly Bill No. 333. (*Lopez*, at p. 1113.) However, because the court previously "reversed solely with respect to the sentence and directed the trial court to resentence [the] defendant, the trial court did not have jurisdiction to reconsider the gang enhancement," and Assembly Bill No. 333 "was simply irrelevant to anything

_____

[6] Our Supreme Court has limited review in *Lopez* to the question of whether the defendant is entitled to retroactive application of Assembly Bill No. 333 "where he appeals for a second time after his judgment was conditionally reversed and the Court of Appeal issued a limited remand to the trial court to address sentencing issues." (*People v. Lopez* (Nov. 15, 2023, S281488) [order].)

11.

the trial court had jurisdiction to do." (*Lopez*, at p. 1114.) The *Lopez* majority described *Padilla* as the "key" to deciding this issue. (*Id.* at p. 1118.) The court explained:

> "[W]hen an appellate court affirms a judgment as to guilt, reverses it as to the sentence, and orders a limited remand for resentencing [citation], ' "[t]he order of the appellate court as stated in the remittitur, 'is decisive of the character of the judgment to which the appellant is entitled.' " [Citation.] On remand, the lower court may act only within these express jurisdictional limits. [Citation.]' [Citation.] However, the point the Attorney General [in *Padilla*] was making went to whether the trial court has *jurisdiction*. Because [the defendant's] conviction had been affirmed and only the sentence had been vacated, the trial court did not have *jurisdiction* to readjudicate the conviction. The Supreme Court implicitly acknowledged this, but pointed out that Proposition 57 did not require readjudication of the conviction." (*Id.* at p. 1119.)

The court further stated: "We *accept* that on remand, [the] defendant was fully entitled to the ameliorative benefits of Assembly Bill [No.] 333. However, those benefits consisted of the redefinition of a gang enhancement, *which was irrelevant to anything the trial court had jurisdiction to do.*" (*Lopez*, supra, 93 Cal.App.5th at p. 1119, rev. granted.)

We agree with *Trent* and *Mitchell* and decline to read too much into the dicta in *Padilla*'s final paragraph. The remainder of the court's discussion in *Padilla*, and indeed its holding, lead to the unavoidable conclusion that the amendments to section 186.22 apply to petitioner's convictions based on his resentencing. This view is consistent with *McKenzie*, which likewise holds that, for retroactivity purposes, the " 'judgment of conviction' " includes both the conviction and sentence. (*McKenzie*, supra, 9 Cal.5th at p. 46.)

The People also contend their nonretroactivity argument is supported by dictum in *People v. Wilson* (2023) 14 Cal.5th 839 (*Wilson*). The defendant in *Wilson* was found guilty of murder and sentenced to death, and the guilt judgment was affirmed in his automatic appeal. (*Id.* at p. 870.) However, the sentence later was reversed and, following retrial, he again was sentenced to death. (*Id.* at p. 844.) On appeal from this

second penalty phase verdict, the defendant argued section 1172.6, subdivision (g) permitted him to seek retroactive relief pursuant to Senate Bill No. 1437 on appeal, rather than through the petition process specified in section 1172.6, subdivision (a). (*Wilson*, at p. 870.)

Section 1172.6, subdivision (g) permits a defendant "whose *conviction is not final*" to challenge on appeal the validity of "*that conviction*." (§ 1172.6, subd. (g), italics added.) The high court noted that the applicability of section 1172.6, subdivision (g) was "complicated . . . by the case's procedural posture." (*Wilson*, *supra*, 14 Cal.5th at p. 870.) "[W]hen a penalty phase judgment alone is reversed, 'the original judgment on the issue of guilt remains final during the retrial of the penalty issue and during all appellate proceedings reviewing the trial court's decision on that issue.' " (*Id.* at pp. 870–871.) Accordingly, the "defendant's murder conviction [in *Wilson*] would appear to have become final no later than 2009, when the time expired for seeking certiorari in the United States Supreme Court [following our Supreme Court's affirmance of the conviction]." (*Id.* at p. 870.) The high court intimated that its earlier "affirmance of the guilt judgment rendered [the] defendant's murder conviction final" for purposes of section 1172.6, subdivision (g). (*Wilson*, at p. 871.)

Ultimately, the high court in *Wilson* declined to decide whether the defendant's conviction remained final. Because the Attorney General had not disputed that the defendant could challenge his conviction pursuant to section 1172.6, subdivision (g) on appeal from his second penalty phase verdict, the court addressed his conviction under that section, ultimately concluding that "any error brought about by retroactive application of Senate Bill [No.] 1437 is harmless beyond a reasonable doubt." (*Wilson*, *supra*, 14 Cal.5th at p. 868.)

As the foregoing makes clear, *Wilson* considered the express statutory retroactivity provision contained in section 1172.6, subdivision (g), which permits an appellant to challenge a murder conviction on appeal if the "*conviction* is not final." (§ 1172.6, subd. (g), italics added.) *Wilson* did not consider the *Estrada* retroactivity presumption, which requires a nonfinal *judgment*. *Padilla* holds that vacatur of the sentence renders the judgment nonfinal. (*Padilla, supra,* 13 Cal.5th at p. 158.) *Mckenzie* holds that the " 'judgment of conviction' " includes both the conviction and sentence. (*McKenzie, supra,* 9 Cal.5th at p. 46.) Together, these cases are binding on us (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456), and compel the conclusion that petitioner's judgment of conviction was rendered nonfinal by his successful section 1172.6 petition.

Based on the foregoing, we hold that the amendments to section 186.22 effectuated by Assembly Bill No. 333 apply retroactively to petitioner's case.

## IV. Remedy

The parties agree on the appropriate remedy. We accept the People's concession that the evidence is insufficient to establish the elements of the substantive gang offense and gang-related allegations under the law as amended by Assembly Bill No. 333.[7] We reverse the conviction on the substantive gang offense on count 10 and vacate the true findings on the gang-related allegations on counts 3 through 9. The People may retry count 10 and the gang-related allegations on counts 3 through 9, if they choose. (*People v. Sek* (2022) 74 Cal.App.5th 657, 669–670.)

## DISPOSITION

Count 10 is reversed. The true findings on the section 186.22, former subdivision (b)(1) enhancements to counts 3 through 9 are vacated. The People may retry count 10

---

[7] In light of the People's concession, we will reverse the conviction on count 10, despite petitioner's failure to expressly seek relief on this count pursuant to Assembly Bill No. 333.

14.

and the gang-related allegations to counts 3 through 9, if they choose.  The sentence is vacated in its entirety.  The matter is remanded for further proceedings, to include a full resentencing.

                                        DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


PEÑA, J.